IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV88-T |
| | ) | [WO] |
| DYNACARE LABORATORIES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this pro se civil lawsuit, the plaintiff, WAYNE WARD ["Ward"], sued his former employer, DYNACARE LABORATORIES, INC. ["Dynacare"],[1] and his former attorneys. He contends that Dynacare discriminated against him on the basis of his race (African American) and that, in a prior case before this court, Civil Action No. 2:03CV247-T, his attorneys failed to represent him properly. He seeks declaratory, injunctive, and monetary relief.

This case is before the court on motions to dismiss filed on 3 March 2005 by his attorneys, Gordon, Silberman, Wiggins & Childs Corp. and Wiggins, Childs, Quinn & Pantazis Corp.'s [collectively "Wiggins"] (Doc. # 7) and on 21 March 2005 by Dynacare (Doc. # 11). Dynacare requests summary judgment, in the alternative. For the reasons stated

---

[1] As the plaintiff did in the first lawsuit, he has sued both Dynacare Laboratories and Laboratory Corporation of America. In July 2002, Laboratory Corporation of America acquired Dynacare Laboratories, and became Dynacare's successor (Doc. # 1, previous lawsuit). The defendants are referred to in this case as "Dynacare".

herein, the Magistrate Judge recommends that the motions be granted.

## I. BACKGROUND AND FACTS

*A.     The Previous Lawsuit*

On 5 March 2003, Ward filed a civil complaint against Dynacare in which he alleged violations of his civil rights under the Civil Rights Act of 1866, as amended (42 U.S.C.A. § 1981), and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.A. §§ 1981a, 2000e through 2000e-17).  (Civil Action No. 03cv0247, Doc. # 1).  At that time, although his employment with Dynacare had recently ended (03cv0247, Doc. # 30), he did not allege wrongful termination but did allege discriminatory failure to promote, conditions of employment and pay.  *Id.*  The court granted summary judgment against the plaintiff on each of his claims.  *Id.*  Ward was represented in his previous lawsuit by Wiggins.

*B.     Ward's Instant Allegations*

In the instant case, Ward's *pro se* complaint, which names Wiggins as a defendant, alleges that the defendants "collaborated in tricking the court to believe that no tangible harm or adverse employment action was committed" in the previous case.  (Doc. # 1, p. 3).  Allowing for the liberal interpretation the court accords to *pro se* parties, Ward appears to seek relief from the previous judgment through a motion under Federal Rule of Civil Procedure 60(b) as well as a complaint for fraud on the court.  In addition, he appears to state

a legal malpractice claim against his former attorneys.² The allegations made in this case against Dynacare are the same as the allegations against Dynacare in the previous lawsuit.

C. *Dynacare's Contentions*

Construing the instant lawsuit as "an independent claim pursuant to Federal Rule of Civil Procedure 60(b)(3) for relief from this Court's judgment in his previous race discrimination suit", Dynacare argued for dismissal because

> Ward does not state with particularity the alleged fraud on the court committed by LabCorp as required by F.R.C.P. 60(b)(3) and 9(b). Ward has not alleged or demonstrated how the alleged fraud or misconduct by LabCorp or Dynacare in any way affected his ability to fully and completely [sic] present his case.

(Doc. # 11). Dynacare has moved to dismiss on grounds that whether proceeding under Rule 60(b) or an independent claim for fraud on the court, Ward has failed to state a claim upon which relief can be granted. Thus, Dynacare's motion is viewed as both an objection to Ward's motion and a motion to dismiss his independent claim.

D. *Wiggins' Contentions*

Wiggins filed a motion to dismiss that apparently overlooked Ward's reference to Rule 60(b)(3) and fraud on the court and construed his complaint as nothing more than a

---

²Although his complaint invokes the Constitution, he has failed to indicate which alleged constitutional rights these private defendants might have violated, and the court will address only the claims specified *supra*, keeping in mind that while the court should liberally construe Ward's claims, it cannot "serve as [his] *de facto* counsel." **GJR Investments, Inc. v. County of Escambia, Fla.**, 132 F.3d 1359, 1369 (11th Cir. 1998).

claim for legal malpractice. Wiggins argues that, as such, Ward has asserted only a state law claim over which this court may not exercise jurisdiction since Ward himself has not attempted to allege diversity. (Doc. # 7).[3]

### E.     *Ward's Responses*

Upon reviewing the complaint and the defendants' motions, the court issued an Order on 28 March 2005, directing Ward to show cause why the motions should not be granted (Doc # 14). In response, Ward, in conclusory fashion, alleged in his resonse that Wiggins collaborated not with Dynacare but with Dynacare's attorneys in order to cover up various illegalities. (Doc. # 17). A second document in response to the order asserts no additional facts that in relate in any way to the 2003 lawsuit beyond simply restating the grounds upon which the previous lawsuit was based. (Doc. # 18).

Dynacare filed its reply brief on 6 May 2005 (Doc. 19), alleging, *inter alia*, that Ward was simply attempting to re-litigate his previous claims. Because the court agreed with

---

[3]Wiggins' motion acknowledges that "it is not entirely clear what is being complained of by Mr. Ward." (Doc. # 7). That is understandable in this case, and the benefit of liberal construction should not inure only to the *pro se* plaintiff with no legal background. Pleadings filed by *pro se* litigants are frequently confusing to opposing parties and the courts as well, and the opposing parties, though represented by counsel, should not suffer as the result of a reasonable oversight in responding to a poorly drafted complaint. While this rationale may justify allowing Wiggins leeway in answering the complaint and asserting defenses, it does not compel the court to divine a legal argument for Wiggins for purposes of a motion to dismiss.

Dynacare's assessment, and to extend to Ward a final opportunity to state his *current* claims against Dynacare with more particularity, the court directed Ward on 27 June 2005 to file an amended complaint on or before 8 July 2005 which sets forth in detail his fraud claims against the defendant (Doc. # 27). The court also set an evidentiary hearing on the motion for 13 July 2005. When Ward did not file an amended complaint, the court entered an order cancelling the hearing (Doc. # 30).

The court first addresses Dynacare's motion to dismiss for failure to state a claim and insufficient pleading before turning to the question of supplemental jurisdiction implicitly raised by Wiggins.

## II.   DISCUSSION

*A.   Standard of Review For Motion To Dismiss*

"A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ***Harper v. Blockbuster Entertainment Corp.***, 139 F.3d 1385, 1387 (11th Cir.), ***cert. denied***, 525 U.S. 1000 (1998) (***citing Conley v. Gibson***, 355 U.S. 41, 45-46 (1957)). In assessing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the court must accept as true any allegations in the plaintiff's complaint. ***See Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984); ***Ellis v. General Motors Acceptance Corp.***, 160 F.3d 703, 706 (11th Cir. 1998).

"A court may dismiss a complaint only if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations". ***Hishon v. King & Spalding***, 467 U.S. at 73; ***Ellis v. General Motors Acceptance Corp.***, 160 F.3d at 706.

> The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. Denial of such a motion, therefore, does not indicate that the plaintiff will ultimately prevail on a claim which withstands a 12(b)(6) challenge.

***Harris v. Proctor & Gamble Cellulose Co.***, 73 F.3d 321, 324 (11th Cir. 1996) (***citing Mann v. Adams Realty Co., Inc.***, 556 F.2d 288, 293 (5th Cir.1977)).

It is well established that a complaint may be dismissed under Fed.R.Civ.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. ***Hishon v. King & Spalding***, 467 U.S. at 73. Furthermore, courts are charged with liberally construing the complaints of *pro se* litigants, who are held to less stringent standards for drafting pleadings than lawyers. ***See Estelle v. Gamble***, 429 U.S. 97, 106 (1976).

### B. Re-Litigation of Previous Title VII Claims

The court has carefully reviewed Ward's response to the motion (Doc. # 18). Fairly interpreted, it is nothing more than an attempt to re-litigate his previous claims of race discrimination in employment. Ward repeatedly reviews and restates his claims against Dynacare. Although he apparently provides significantly more details, his efforts are futile.

> Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

*Allen v. McCurry*, 449 U.S. 90, 94-96 (1980); *see also* **Pleming v. Universal-Rundle Corp**., 142 F.3d 1354, 1356 (11th Cir. 1998).

If a "court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties", the parties are precluded from relitigating the claims. **Waller v. Roche**, 2005 U.S. App. LEXIS 10850 (11th Cir. 2005); *See also* **I.A. Durbin, Inc. v. Jefferson Nat'l Bank**, 793 F.2d 1541, 1549 (11th Cir.1986); *see also* **Federated Dep't Stores, Inc. v. Moitie,** 452 U.S. 394, 398 (1981); **Commissioner v. Sunnen**, 333 U.S. 591, 597 (1948).

> The application of res judicata requires that: (1) the issue contested in both proceedings be identical; (2) the parties to the subsequent proceeding are the same as, or are in privity with, the parties to the earlier proceeding; and (3) the earlier proceeding resulted in a final judgment on the merits. **Nevada v. United States**, 463 U.S. 110, 129-130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983).

**Baptiste v. C.I.R.**, 29 F.3d 1533, 1539 (11th Cir. 1994).

Even if the issues may are not identical in the current and previous proceedings, some of the claims may be barred by this doctrine if they arise from the "same operative nucleus of facts."

> Res judicata acts as a bar "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* at 1358-59 (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir.1990) (internal quotation omitted)).

*Pleming v. Universal-Rundle Corp.*, 142 F.3d at 1356-1357.

This lawsuit satisfies all of the prerequisites for a finding that it is barred by *res judicata*. First, the employment discrimination issues raised by Ward in this case are precisely the ones that he raised in the previous lawsuit, and his instant complaints arose from the same operative nucleus of facts as the events alleged in the previous lawsuit. Second, the parties are the same, i.e., Ward is a plaintiff, and Dynacare is a defendant.[4] Third, as the court has already stated, the earlier proceeding ended with a judgment in favor of the defendants and against Ward on the merits, i.e., following Dynacare's motion for summary judgment.

Because all of the elements have been satisfied, the court finds that Ward's current employment discrimination claims against Dynacare is barred by the doctrine of *res judicata*, and Dynacare's motion to dismiss those claims should be granted.

**C.    *The Claim Under Rule 60(b)(3)***

Pursuant to Rule 60(b)(3) of the Fed. R. Civ. Pro., a court

---

[4]That Ward's lawyers were not parties to the previous litigation is irrelevant to the court's analysis of Dynacare's motion to dismiss the employment discrimination claims.

> may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . . Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

FED. R. CIV. P. 60(b) (2005). Ward utterly fails to set forth any facts or legal authority in support of the relief which he requests in this lawsuit on his fraud allegation.

In his complaint, Ward claims that "[t]he Defendants collaborated in tricking the court to believe that no tangible harm or adverse employment action was committed in the" previous lawsuit (Doc. # 1, ¶ 6). This is the only allegation implicating Dynacare aside from Ward's recitation of one of the allegations forming the basis for his earlier lawsuit.[5]

He also lists in his complaint a number of alleged mistakes made by Wiggins, his counsel at the time, "with malice and/or with reckless indifference to plaintiff's rights." (Doc. # 1, ¶¶ 7,9):

> 7. Under the Federal Rules of Civil Procedures: Rule 60 b (3) [sic] Wiggins, Childs, Quinn & Pantazis, in addiction [sic], failed to introduce relevant evidence they have [sic], in the Failure to Promote Claim, Civil Action No. 03-T-247-N.

---

[5]"Retrieving specimens from a dumpster for testing is an illegal practice. This is a serious and material change in the terms, conditions, or privileges of employment. It's not part of his job." (Doc. # 1, ¶ 6). In his brief opposing summary judgment in the previous case, Ward described an incident involving his having to retrieve urine samples from trash containers, even though doing so was, according to Ward himself, an illegal activity. (03cv247, Doc. # 20, p. 5). Acknowledging that "this is understandably an undesirable job assignment", the court nonetheless held that "it does not constitute adverse-employment action." (03cv247, Doc. # 30, p. 11). The court granted summary judgment, and Ward did not appeal.

9

        A. Failed to submit other party work records to showed [sic] scandals he [sic] been involved with.

        B. Failed to introduce the relationship between the party [sic] family and the Company.

        C. Failed to show how [sic] Dynacare handbook, being used as a device, which is a Title VII violation [sic].

        D. Failed to show the relationship between Alabama Alcohol Drug Management Services, Inc. (AADMS) and Dynacare.

        E. Failed to submit the medical records of the Plaintiff.

        F. Failed to take depositions.

        G. Failed to submit the Award and explain the racist intent.[6]

        H. Trick [sic] the Plaintiff to [sic] signing an incomplete Declaration.

        I. Continued to give Plaintiff misleading advice.

*Id.* at ¶ 7.

Although Ward alleged fraud and misrepresentation in his complaint (Doc. # 1), the only factual representation which Ward set forth as an explanation of his claim was that the defendants "collaborated in tricking the court to believe that no tangible harm or adverse employment action was committed in" the previous lawsuit. In other words, Ward attempts

---

[6] Although it is not entirely clear from the complaint, Ward's reference to an award is likely an alleged award given in mockery of Ward after he retrieved the samples from the trash containers. The court addressed this in its earlier summary judgment opinion. (03cv247, Doc. # 30, p. 11).

to support his allegation of fraud under Rule 60(b)(3) by suggesting that Dynacare misled the court and that Wiggins assisted in the misrepresentation.

In addition to his complaint, Ward relies on two statements submitted in response to the court's show cause order.  The first document (Doc. # 17) alleges that Wiggins' co-conspirator was one of the two law firms representing Dynacare in the former lawsuit, Hill Hill Carter Franco Cole & Black (Doc. # 17, p. 1).  According to Ward, they

> collaborated in fraud upon the court in Civil Action No. 03-T-247-N.  And in doing so, cover-up three unlawful acts! (1) Title VII Violations[;] (2) White Collar Crime[; and] (3) Illegal Drug Testing.

*Id.* Ward makes no allegations concerning Dynacare.  The second document recites a largely incoherent conspiratorial tale involving events that preceded his leaving Dynacare and filing his 2003 lawsuit (Doc. # 18).

Although a close reading of Ward's charges of fraud, as well as the response as a whole, discloses that Ward's factual references arise from the events challenged in his first lawsuit, the court nevertheless analyzes the claims in the framework of Rule 60(b)(3). Although Rule 60(b) is remedial and, thus, entitled to a liberal construction, ***Cavaliere v. Allstate Ins. Co.***, 996 F.2d 1111, 1115 (11th Cir. 1993) (citing ***Nisson v. Lundy***, 975 F.2d 802, 807 (11th Cir. 1992)), it is not to be utilized as "a substitute for a proper and timely appeal." ***Id.*** (quoting ***Burnside v. Eastern Airlines, Inc.***, 519 F.2d 1127, 1128 (5th Cir. 1975)).

To succeed on his motion, Ward must "prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other

11

misconduct." *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000)). He "must also demonstrate that the conduct prevented [him] from fully presenting his case." *Id.*

Allegations alone are insufficient, and Ward must present evidence to the court that satisfies his burden. *Frederick*, 205 F.3d at 1287 (upholding lower court's denial of the defendant's Rule 60(b) motion based in large part on the fact that the defendant did nothing more than allege fraud). The only support for Ward's claims are his bald allegations. Even though the court has encouraged and required him to submit other support for his claims, none has been forthcoming. Ward's pleadings in this case, and his failure to provide the court with anything other than conclusory allegations, indicate that he is merely dissatisfied with the court's previous ruling. In that regard, Rule 60(b)(3) offers him no solace with respect to either defendant.

### D.     *Wiggins' Motion*

Beyond the context of Rule 60(b), Ward's claim of fraud against Wiggins is clearly a state law claim against a non-diverse defendant, and as such, is supplemental to Ward's "federal" claim under the civil rule of procedure. Ordinarily, this court may exercise jurisdiction over all state law claims which "arise out of a common nucleus of operative fact" with a substantial federal claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715,

724-25, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966); *Palmer*, 22 F.3d at 1563-64 (a federal court has the power under § 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence); *Draper and Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir.1984).

Either Ward is claiming that Wiggins engaged in common-law fraud against him, or he is alleging legal malpractice, or both. In any case, his remaining claims against Wiggins arise under Alabama state law. Thus, they are subject to dismissal.

The supplemental jurisdiction statute provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) ..., in any civil action of which district courts shall have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
> . . . . . . . . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

13

28 U.S.C.A. §1367.

Because the defendants are entitled to a judgment as a matter of law regarding the "claims over which the district court has original jurisdiction", namely the Rule 60(b)(3) claims, the court may exercise its discretion, pursuant to subsection (c)(3) above, to decline to exercise supplemental jurisdiction over the plaintiff's state law claims. ***Palmer v. Hosp. Auth. of Randolph County***, 22 F.3d 1559, 1568 (11th Cir.1994).[7]

The magistrate judge recommends that the court decline to continue to exercise jurisdiction over the state law claims.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

A.   Dynacare's Motion To Dismiss, filed on 21 March 2005 (Doc. # 11) be GRANTED;

---

[7] This suggested ruling is not the same as the conclusion urged by Wiggins, i.e., that the court lacks subject matter jurisdiction over Ward's allegations of fraud and legal malpractice. A recent Eleventh Circuit holding makes it clear that when a plaintiff, particularly a *pro se* plaintiff, provides allegations sufficient for the court to conclude that an articulable federal statutory or constitutional question is being raised (such as the Rule 60(b)(3) question), the court may not dismiss the case for lack of subject matter jurisdiction. ***Abele v. Tolbert et al.***, 04-14885, 2005 WL 1027239, at *1 (11th Cir. May 3, 2005) (citing ***Bell v. Hood***, 327 U.S. 678, 682 (1946); ***Blue Cross & Blue Shield of Ala. v. Sanders***, 138 F.3d 1347, 1351-52 (11th Cir. 1998); ***McGinnis v. Ingram Equip. Co., Inc.***, 918 F.2d 1491, 1494 (11th Cir. 1990)). Rather, the proper question is whether the plaintiff has stated a claim upon which relief can be granted. ***Abele***, 2005 WL 1027239 at *1 ("If the allegations in the complaint do not state a ground for relief, the dismissal of the case should be on the merits, not for want of jurisdiction.").

    B.    Wiggins' Motion to Dismiss, filed on 3 March 2005 (Doc. # 7), be GRANTED;

    C.    Ward's claims under Rule 60(b)(3) Dynacare and Wiggins be DISMISSED with prejudice;

    D.    Ward's state law claims of fraud and/or legal malpractice against Wiggins be DISMISSED without prejudice; and

    E.    Dynacare's alternative Motion For Summary Judgment, filed on 21 March 2005 (Doc. # 11), be DISMISSED as moot.

The court has construed Ward's "Motion To Show Fraud", filed on 8 July 2005 (Doc. # 29), as a response to the defendants' motions. To the extent, however, that it may be construed as a motion and therefore a request for relief, the Magistrate Judge further RECOMMENDS that the Motion To Show Fraud be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **5 August 2005.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

15

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

    DONE this 22nd day of July, 2005.

    /s/ Vanzetta Penn McPherson
    VANZETTA PENN MCPHERSON
    UNITED STATES MAGISTRATE JUDGE